**STATISTICAL INFORMATION ONLY: Debtor must select the number of each of the following items included in the Plan.**

0 Valuation of Security            0 Assumption of Executory Contract or Unexpired Lease            0 Lien Avoidance

Last revised: September 1, 2018

# UNITED STATES BANKRUPTCY COURT
## District of New Jersey

In Re:    Walter L Garson, Jr.

Case No.: 19-31765

Judge: Poslusny

Debtor(s)

## CHAPTER 13 PLAN AND MOTIONS

☐ Original            ☑ Modified/Notice Required            Date: July 21, 2020
☐ Motions Included    ☐ Modified/No Notice Required

THE DEBTOR HAS FILED FOR RELIEF UNDER
CHAPTER 13 OF THE BANKRUPTCY CODE.

## YOUR RIGHTS MAY BE AFFECTED

You should have received from the court a separate *Notice of the Hearing on Confirmation of Plan*, which contains the date of the confirmation hearing on the Plan proposed by the Debtor. This document is the actual Plan proposed by the Debtor to adjust debts. You should read these papers carefully and discuss them with your attorney. Anyone who wishes to oppose any provision of this Plan or any motion included in it must file a written objection within the time frame stated in the *Notice*. Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. This Plan may be confirmed and become binding, and included motions may be granted without further notice or hearing, unless written objection is filed before the deadline stated in the Notice. The Court may confirm this plan, if there are no timely filed objections, without further notice. See Bankruptcy Rule 3015. If this plan includes motions to avoid or modify a lien, the lien avoidance or modification may take place solely within the chapter 13 confirmation process. The plan confirmation order alone will avoid or modify the lien. The debtor need not file a separate motion or adversary proceeding to avoid or modify a lien based on value of the collateral or to reduce the interest rate. An affected lien creditor who wishes to contest said treatment must file a timely objection and appear at the confirmation hearing to prosecute same.

**The following matters may be of particular importance.** *Debtors must check one box on each line to state whether the plan includes each of the following items. If an item is checked as "Does Not" or if both boxes are checked, the provision will be ineffective if set out later in the plan.*

THIS PLAN:

☐ DOES ☑ DOES NOT CONTAIN NON-STANDARD PROVISIONS. NON-STANDARD PROVISIONS MUST ALSO BE SET FORTH IN PART 10.

☐ DOES ☑ DOES NOT LIMIT THE AMOUNT OF A SECURED CLAIM BASED SOLELY ON VALUE OF COLLATERAL, WHICH MAY RESULT IN A PARTIAL PAYMENT OR NO PAYMENT AT ALL TO THE SECURED CREDITOR. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

☐ DOES ☑ DOES NOT AVOID A JUDICIAL LIEN OR NONPOSSESSORY, NONPURCHASE-MONEY SECURITY INTEREST. SEE MOTIONS SET FORTH IN PART 7, IF ANY.

1

Initial Debtor(s)' Attorney __DAK___    Initial Debtor: __WLG___    Initial Co-Debtor _____

## Part 1: Payment and Length of Plan

a. The debtor shall pay **$50.00 Monthly** to the Chapter 13 Trustee, starting on **December 1, 2019** for approximately **7** months, until the Debtor has paid $325.00 (already paid), plus $31,743.23 to be received from proceeds from personal injury settlement

b. The debtor shall make plan payments to the Trustee from the following sources:
- ☑ Future Earnings
- ☑ Other sources of funding (describe source, amount and date when funds are available): Proceeds of personal injury settlement approved by Court.

c. Use of real property to satisfy plan obligations:
- ☐ Sale of real property
  Description:
  Proposed date for completion: _____

- ☐ Refinance of real property:
  Description:
  Proposed date for completion: _____

- ☐ Loan modification with respect to mortgage encumbering property:
  Description:
  Proposed date for completion: _____

d. ☐ The regular monthly mortgage payment will continue pending the sale, refinance or loan modification.

e. ☐ Other information that may be important relating to the payment and length of plan:

## Part 2: Adequate Protection    **X NONE**

a. Adequate protection payments will be made in the amount of $____ to be paid to the Chapter 13 Trustee and disbursed pre-confirmation to ____ (creditor).

b. Adequate protection payments will be made in the amount of $____ to be paid directly by the debtor(s) outside the Plan, pre-confirmation to: ____ (creditor).

## Part 3: Priority Claims (Including Administrative Expenses)

a. All allowed priority claims will be paid in full unless the creditor agrees otherwise:

| Creditor | Type of Priority | Amount to be Paid |
|---|---|---|
| **Kasen & Kasen** | **Administrative** | **As allowed by the Court to be paid from escrow held by attorney for Debtor from personal injury settlement pursuant to Court Order.** |

b. Domestic Support Obligations assigned or owed to a governmental unit and paid less than full amount:
Check one:
☑ None
☐ The allowed priority claims listed below are based on a domestic support obligation that has been assigned to or is owed to a governmental unit and will be paid less than the full amount of the claim pursuant to 11 U.S.C.1322(a)(4):

| Creditor | Type of Priority | Claim Amount | Amount to be Paid |
|---|---|---|---|

## Part 4: Secured Claims

a. **Curing Default and Maintaining Payments on Principal Residence:** ☐ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor shall pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|
| Bayview Loan Servicing | 1st Mortgage | $25,668.40 | | $25,668.40 | $1,412.50 |
| Wells Fargo | 2nd Mortgage | $2,995.55 | | $2,995.55 | $231.31 |

b. **Curing and Maintaining Payments on Non-Principal Residence & other loans or rent arrears:** ☑ NONE

The Debtor will pay to the Trustee (as part of the Plan) allowed claims for arrearages on monthly obligations and the debtor will pay directly to the creditor (outside the Plan) monthly obligations due after the bankruptcy filing as follows:

| Creditor | Collateral or Type of Debt | Arrearage | Interest Rate on Arrearage | Amount to be Paid to Creditor (In Plan) | Regular Monthly Payment (Outside Plan) |
|---|---|---|---|---|---|

c. **Secured claims excluded from 11 U.S.C. 506:** ☑ NONE

The following claims were either incurred within 910 days before the petition date and are secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s), or incurred within one year of the petition date and secured by a purchase money security interest in any other thing of value:

| Name of Creditor | Collateral | Interest Rate | Amount of Claim | Total to be Paid through the Plan Including Interest Calculation |
|---|---|---|---|---|

d. **Requests for valuation of security, Cram-down, Strip Off & Interest Rate Adjustments** ☑ NONE

1.) The debtor values collateral as indicated below. If the claim may be modified under Section 1322(b)(2), the secured creditor shall be paid the amount listed as the "Value of the Creditor Interest in Collateral," plus interest as stated. The portion of any allowed claim that exceeds that value shall be treated as an unsecured claim. If a secured claim is identified as having "NO VALUE" it shall be treated as an unsecured claim.

**NOTE: A modification under this section ALSO REQUIRES**

3

**the appropriate motion to be filed under Section 7 of the Plan.**

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor Interest in Collateral | Annual Interest Rate | Total Amount to Be Paid |
|---|---|---|---|---|---|---|---|
| | | | | | | | |

2.) Where the Debtor retains collateral and completes the Plan, payment of the full amount of the allowed secured claim shall discharge the corresponding lien.

**e.  Surrender** ☑ **NONE**

Upon confirmation, the stay is terminated as to surrendered collateral only under 11 U.S.C. 362(a) and that the stay under 11 U.S.C 1301 be terminated in all respects. The Debtor surrenders the following collateral:

| Creditor | Collateral to be Surrendered | Value of Surrendered Collateral | Remaining Unsecured Debt |
|---|---|---|---|
| | | | |

**f.  Secured Claims Unaffected by the Plan** ☑ **NONE**

The following secured claims are unaffected by the Plan:

Creditor

**g.  Secured Claims to be Paid in Full Through the Plan** ☐ **NONE**

| Creditor | Collateral | Total Amount to be Paid through the Plan |
|---|---|---|
| **Borough of Collingswood** | **236 White Horse Pike Collingswood, NJ 08107  Camden County** | **As allowed by the Court** |
| **CCMUA** | **236 White Horse Pike Collingswood, NJ 08107  Camden County** | **As allowed by the Court** |
| **Midland Funding, LLC** | **236 White Horse Pike Collingswood, NJ 08107  Camden County** | **As allowed by the Court** |
| **Midland Funding, LLC** | **236 White Horse Pike Collingswood, NJ 08107  Camden County** | **As allowed by the Court** |

## Part 5:  Unsecured Claims          ☐ NONE

a.  **Not separately classified**  allowed non-priority unsecured claims shall be paid:
    ☐    Not less than $____ to be distributed *pro rata*

    ☑    Not less than _100_ percent

    ☐    *Pro Rata* distribution from any remaining funds

b.  **Separately classified unsecured** claims shall be treated as follows:

| Creditor | Basis for Separate Classification | Treatment | Amount to be Paid |
|---|---|---|---|
| | | | |

## Part 6:  Executory Contracts and Unexpired Leases     ☒ NONE

(NOTE: See time limitations set forth in 11 U.S.C. 365(d)(4) that may prevent assumption of non-residential real property leases in this Plan.)

All executory contracts and unexpired leases, not previously rejected by operation of law, are rejected,

Software Copyright (c) 1996-2019 Best Case, LLC - www.bestcase.com                                                                    Best Case Bankruptcy

except the following, which are assumed:

| Creditor | Arrears to be Cured in Plan | Nature of Contract or Lease | Treatment by Debtor | Post-Petition Payment |
|---|---|---|---|---|

### Part 7: Motions    X NONE

**NOTE: All plans containing motions must be served on all potentially affected creditors, together with local form,** *Notice of Chapter 13 Plan Transmittal,* **within the time and in the manner set forth in D.N.J. LBR 3015-1. A** *Certification of Service, Notice of Chapter 13 Plan Transmittal and valuation* **must be filed with the Clerk of Court when the plan and transmittal notice are served.**

   a. **Motion to Avoid Liens under 11 U.S.C. Section 522(f).** ✓ NONE
   The Debtor moves to avoid the following liens that impair exemptions:

| Creditor | Nature of Collateral | Type of Lien | Amount of Lien | Value of Collateral | Amount of Claimed Exemption | Sum of All Other Liens Against the Property | Amount of Lien to be Avoided |
|---|---|---|---|---|---|---|---|

   b. **Motion to Avoid Liens and Reclassify Claim from Secured to Completely Unsecured.** ✓ NONE

   The Debtor moves to reclassify the following claims as unsecured and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Superior Liens | Value of Creditor's Interest in Collateral | Total Amount of Lien to be Reclassified |
|---|---|---|---|---|---|---|

   c. **Motion to Partially Void Liens and Reclassify Underlying Claims as Partially Secured and Partially Unsecured.** ✓ NONE

   The Debtor moves to reclassify the following claims as partially secured and partially unsecured, and to void liens on collateral consistent with Part 4 above:

| Creditor | Collateral | Scheduled Debt | Total Collateral Value | Amount to be Deemed Secured | Amount to be Reclassified as Unsecured |
|---|---|---|---|---|---|

### Part 8: Other Plan Provisions
   a. **Vesting of Property of the Estate**
      ✓ Upon Confirmation
      ☐ Upon Discharge

   b. **Payment Notices**
   Creditors and Lessors provided for in Parts 4, 6 or 7 may continue to mail customary notices or coupons to the Debtor notwithstanding the automatic stay.

   c. **Order of Distribution**

5

The Standing Trustee shall pay allowed claims in the following order:
1) **Ch. 13 Standing Trustee Commissions**
2) **Other Administrative Claims**
3) **Secured Claims**
4) **Priority Claims**
5) **General Unsecured Claims**
6) 

**d. Post-Petition Claims**

The Standing Trustee ☑ is, ☐ is not authorized to pay post-petition claims filed pursuant to 11 U.S.C. Section 1305(a) in the amount filed by the post-petition claimant.

**Part 9: Modification    ☐ NONE**

If this Plan modifies a Plan previously filed in this case, complete the information below.
Date of Plan being modified: **12/9/2019**.

| Explain below **why** the plan is being modified: | Explain below **how** the plan is being modified: |
|---|---|
| **To pay arrearage on mortgages rather than sell house.** | **To pay arrearages on mortgages and all other allowed claims in full.** |

Are Schedules I and J being filed simultaneously with this Modified Plan?   ☐ Yes   ☑ No

**Part 10 : Non-Standard Provision(s): Signatures Required**

Non-Standard Provisions Requiring Separate Signatures:
☑ NONE
☐ Explain here:
Any non-standard provisions placed elsewhere in this plan are ineffective.

**Signatures**

The Debtor(s) and the attorney for the Debtor(s), if any, must sign this Plan.

By signing and filing this document, the debtor(s), if not represented by an attorney, or the attorney for the debtor(s) certify that the wording and order of the provisions in this Chapter 13 Plan are identical to *Local Form, Chapter 13 Plan and Motions*, other than any non-standard provisions included in Part 10.

I certify under penalty of perjury that the above is true.

Date: **7/21/20**         /s/ **Walter L Garson, Jr.**
                          **Walter L Garson, Jr.**
                          Debtor

Date: _____     _____
                          Joint Debtor

Date **7/21/20**          /s/ **David A. Kasen**
                          **David A. Kasen DK1778**
                          Attorney for the Debtor(s)

6

```
                            United States Bankruptcy Court
                                 District of New Jersey
In re:                                                                  Case No. 19-31765-JNP
Walter L Garson, Jr.                                                    Chapter 13
         Debtor                      CERTIFICATE OF NOTICE

District/off: 0312-1           User: admin                 Page 1 of 2                  Date Rcvd: Jul 22, 2020
                               Form ID: pdf901             Total Noticed: 28


Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jul 24, 2020.
db             +Walter L Garson, Jr.,    236 White Horse Pike,    Collingswood, NJ 08107-1914
aty            +Everett F Simpson,    160 Hampshire Ave,    Audubon, NJ 08106-2018
cr             +WELLS FARGO BANK, N.A.,    Phelan Hallinan & Schmieg, PC,    1617 JFK Boulevard,    Suite 1400,
                 Philadelphia, PA 19103-1814
518576299      +Bayview Loan Servicing, LLC,    KML Law Group, P.C.,    216 Haddon Ave., Suite 406,
                 Collingswood, NJ 08108-2812
518576294       Bayview Loan Servicing, LLC,    P.O. Box 3331409,    Miami, FL 33233
518605302      +Bayview Loan Servicing, LLC,    c/o Jenelle C. Arnold, ALDRIDGE PITE, LL,
                 4375 Jutland Drive, Suite 200,    P.O. Box 17933,    San Diego, CA 92177-7921
518576296      +CCMUA,   1645 Ferry Ave.,    Camden, NJ 08104-1360
518576297      +Garden State Orthopedics,    1030 N. Kings Highway,    Cherry Hill, NJ 08034-1907
518576298      +Haddon EMG Physicians,    P.O Box 4154,    Philadelphia, PA 19144-0154
518576300      +Lourdes Health Systems,    P.O. Box 822099,    Philadelphia, PA 19182-2099
518576301      +Lourdes Imaging,    231 Van Sciver Drive,    Willingboro, NJ 08046-1132
518576302      +Lourdes Medical Associates,    1020 Kings Highway North,    Suite 208,
                 Cherry Hill, NJ 08034-1906
518576303      +Lynn A. Garson,    236 White Horse Pike,    Collingswood, NJ 08107-1914
518576305      +Midlantic Anesthesia Associates, PA,    1040 Kings Highway North,    Cherry Hill, NJ 08034-1908
518576306      +Pressler & Pressler,    7 Entin Rd.,    Parsippany, NJ 07054-5020
518576307      +Pressler Felt & Warshaw,    7 Entin Rd.,    Parsippany, NJ 07054-5020
518576308      +RMG Med Had Hts. PC,    P.O. Box 95000-7510,    Philadelphia, PA 19195-0001
518576309      +The Heart House,    120 White Horse Pike,    Haddon Heights, NJ 08035-1938
518629057      +WELLS FARGO BANK, N.A.,    Phelan Hallinan Diamond & Jones, PC,    1617 JFK Boulevard,
                 Suite 1400,    Philadelphia, PA 19103-1814
518576310      +Wells Fargo,    P.O. Box 31557,    Billings, MT 59107-1557
518613756       Wells Fargo Bank, N.A.,    Attn: Default Document Processing,
                 1000 Blue Gentian Road, MAC# N9286-01Y,    Eagan, MN 55121-7700

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
smg             E-mail/Text: usanj.njbankr@usdoj.gov Jul 23 2020 00:27:21     U.S. Attorney,    970 Broad St.,
                 Room 502,    Rodino Federal Bldg.,    Newark, NJ 07102-2534
smg            +E-mail/Text: ustpregion03.ne.ecf@usdoj.gov Jul 23 2020 00:27:18     United States Trustee,
                 Office of the United States Trustee,    1085 Raymond Blvd.,    One Newark Center,    Suite 2100,
                 Newark, NJ 07102-5235
518576295       E-mail/Text: kmccarthy@collingswood.com Jul 23 2020 00:26:15     Borough of Collingswood,
                 678 Haddon Ave.,    Collingswood, NJ 08108
518673074      +E-mail/Text: bkmailbayview@bayviewloanservicing.com Jul 23 2020 00:27:43
                 Bayview Loan Servicing, LLC,    4425 Ponce De Leon Blvd., 5th Floor,
                 Coral Gables, FL 33146-1873
518576304      +E-mail/Text: bankruptcydpt@mcmcg.com Jul 23 2020 00:27:17     Midland Funding, LLC,
                 8875 Aero Drive,    San Diego, CA 92123-2255
518579585      +E-mail/PDF: gecsedi@recoverycorp.com Jul 23 2020 00:22:30     Synchrony Bank,
                 c/o of PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
518661280      +E-mail/PDF: EBN_AIS@AMERICANINFOSOURCE.COM Jul 23 2020 00:34:47      Verizon,
                 by American InfoSource as agent,    4515 N Santa Fe Ave,    Oklahoma City, OK 73118-7901
                                                                                                TOTAL: 7

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                           TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.
```

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 24, 2020                              Signature:  /s/Joseph Speetjens

```
District/off: 0312-1              User: admin                 Page 2 of 2                  Date Rcvd: Jul 22, 2020
                                  Form ID: pdf901             Total Noticed: 28
```

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on July 21, 2020 at the address(es) listed below:
```
              David A. Kasen    on behalf of Debtor Walter L Garson, Jr. dkasen@kasenlaw.com
              Denise E. Carlon    on behalf of Creditor    Bayview Loan Servicing, LLC, a Delaware Limited
               Liability Company dcarlon@kmllawgroup.com, bkgroup@kmllawgroup.com
              Isabel C. Balboa    on behalf of Trustee Isabel C. Balboa ecfmail@standingtrustee.com,
               summarymail@standingtrustee.com
              Isabel C. Balboa    ecfmail@standingtrustee.com, summarymail@standingtrustee.com
              Robert  Davidow    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com
              Sherri Jennifer Smith    on behalf of Creditor    WELLS FARGO BANK, N.A. nj.bkecf@fedphe.com,
               nj.bkecf@fedphe.com
              U.S. Trustee    USTPRegion03.NE.ECF@usdoj.gov
                                                                                             TOTAL: 7
```